FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

NOV 2 9 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02006-OES

MARGARET I. PULLEN,
EVERGREEN APPLIED RESEARCH, INC.,
WE THE PEOPLE OF THE UNITED STATES OF AMERICA & EACH AND EVERY
INDEPENDENT SOUVERIGN [sic] THEREIN,

        Plaintiffs,

v.

ROBERT LEWIS WALKER, JR.,
SUSAN WALKER,
CITY OF ASPEN INCLUDING ASPEN POLICE DEPARTMENT,
ST. MARY'S HOSPTIAL [sic],
JANETTE CONSOR,
JOHN LASSALETTE,
J. E. DEVIL BLISS,
WALTER BROWN,
F. ELY,
GAILIN SMITH AND WENDY SMITH,
PETER CRAVEN, and
DANIEL PETRE,

        Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE  SECOND AMENDED COMPLAINT

---

Plaintiff Margaret I. Pullen has submitted to the Court *pro se* an amended

complaint for money damages that only she has signed.  Ms. Pullen apparently alleges

that her civil and criminal rights were violated by the injuries she suffered when she was

struck by an automobile while walking in a  pedestrian right-of-way in Aspen, Colorado,

and by the medical treatment she received for back injuries after the automobile

accident.  Only Ms. Pullen has been granted leave to proceed pursuant to the federal *in*

*forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005).

The Court must construe the amended complaint liberally because Ms. Pullen is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Pullen will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and finds that it is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. A complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements

2

of Rule 8.

Ms. Pullen has failed to make clear the grounds upon which the Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a)(1). Ms. Pullen also fails to set forth a short and plain statement of her claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing his claims clearly and succinctly, Ms. Pullen makes verbose and vague allegations concerning the physical and emotional injuries she suffered. In addition, Ms. Pullen has failed to allege how the defendants violated her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Ms. Pullen apparently expects the Court to sift through her twenty-six pages of allegations to determine her claims. That is not the Court's job. It is Ms. Pullen's responsibility to edit and organize her claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for her.

Ms. Pullen's amended complaint is deficient and subject to dismissal. Although the amended complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ.

3

P. 8(a) and that Ms. Pullen should be given an opportunity to file a second amended complaint that clarifies the claims for relief she is asserting. The second amended complaint must stand on its own and not refer to or incorporate by reference either the original complaint or the amended complaint. Each claim must be supported with specific factual allegations that demonstrate how the particular defendant or defendants violated Ms. Pullen's rights. She will be directed to submit a second amended complaint below. Accordingly, it is

ORDERED that Ms. Pullen file **within thirty (30) days from the date of this order**, an original and a copy of a second amended complaint that clarifies the grounds upon which the Court's jurisdiction depends and the claims for relief she is asserting. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint" and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Pullen, together with a copy of this order, two copies of the following form to be used to submit the second amended complaint: Complaint. It is

FURTHER ORDERED that Ms. Pullen submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Ms. Pullen fails to file, **within thirty (30) days from the date of this order**, an original and sufficient copies of a second amended

4

complaint that complies with this order to the Court's satisfaction, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 29 day of November _____, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02006-OES

Margaret I. Pullen
P.O. Box 1551
Aspen, CO 81612

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on _11-29-05_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk