IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 9 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02006-ZLW

MARGARET I. PULLEN,
EVERGREEN APPLIED RESEARCH, INC.,
WE THE PEOPLE OF THE UNITED STATES OF AMERICA & EACH AND EVERY
INDEPENDENT SOUVERIGN [sic] THEREIN,

      Plaintiffs,

v.

ROBERT LEWIS WALKER, JR.,
SUSAN WALKER,
CITY OF ASPEN INCLUDING ASPEN POLICE DEPARTMENT,
ASPEN DAILY NEWS,
ST. MARY'S HOSPTIAL [sic],
JANETTE CONSOR,
JOHN LASSALETTE,
J. E. DEVIL BLISS,
WALTER BROWN,
F. ELY,
GAILIN SMITH
WENDY SMITH,
PETER CRAVEN, and
DANIEL PETRE,

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Margaret I. Pullen submitted *pro se* and the Court filed on March 9,

2006, a letter to the Court in which Ms. Pullen apparently asks the Court to reconsider

and vacate the Court's Order and Judgment of Dismissal entered and filed in this action

on January 27, 2006.  She also submitted a complaint.  The Court must construe the

letter liberally because Ms. Pullen is representing herself.  *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
Therefore, the letter will be construed liberally as a motion to reconsider.  For the
reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the
district court of that adverse judgment, may "file either a motion to alter or amend the
judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment
pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243
(10th Cir. 1991).  A motion to reconsider filed more than ten days after the final
judgment in an action should be considered pursuant to Rule 60(b).  *See id.* at 1243.
Ms. Pullen's letter to the Court, which was filed more than ten days after the Court's
January 27, 2006, Order and Judgment of Dismissal, will be considered pursuant to
Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is appropriate only in extraordinary
circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30
F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action as legally frivolous pursuant to 28 U.S.C.
§ 1915(e)(2)(B).  Upon consideration of the motion to reconsider and the entire file, the
Court finds that Ms. Pullen fails to demonstrate the existence of any extraordinary
circumstances that would justify a decision to reconsider and vacate the order
dismissing this action. Therefore, the liberally construed motion to reconsider will be
denied.  Accordingly, it is

ORDERED that Plaintiff's letter to the Court filed on March 9, 2006, which the
Court has construed liberally as a motion to reconsider, is denied.  It is

FURTHER ORDERED that the complaint is denied as moot.

DATED at Denver, Colorado, this 28 day of _____ March _____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


## CERTIFICATE OF MAILING


Civil Action No. 05-cv-02006-BNB

Margaret I. Pullen
PO Box 1551
Aspen, CO 81612


     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _____3-29-06_____


                              GREGORY C. LANGHAM, CLERK


                              By: _____
                                             Deputy Clerk